**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225-2086
jrosenthal@cgsh.com

VICTOR I. LEWKOW
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
YARON Z. REICH
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

April 19, 2019

**VIA ECF**

The Honorable John M. Vazquez
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *Hu v. BMW of North America, LLC*
     Civil Action No. 2:18-cv-04363 (JMV)(MF)

Dear Judge Vazquez:

  Defendant Robert Bosch LLC ("Bosch LLC") writes to respond to (1) Plaintiffs' Letter Regarding Supplemental Authority ("*Bledsoe* Letter"), ECF No. 49, regarding the opinion and order in *Bledsoe v. FCA US LLC*, No. 16-14024, 2019 WL 1379588 (E.D. Mich. Mar. 27, 2019) ("*Bledsoe II*"), and (2) Plaintiffs' Letter Regarding Supplemental Authority ("*Gamboa* Letter"), ECF No. 50, regarding the order in *Gamboa v. Ford Motor Co.*, No. 18-10106, 2019 WL 1441615 (E.D. Mich. Mar. 31, 2019).[1]

  First, contrary to Plaintiffs' assertion, *Bledsoe* Letter 1-2, *Bledsoe II* does not "reverse" the prior opinion on "certain key issues" that are pending before this Court. *See Bledsoe v. FCA US LLC*, 307 F. Supp. 3d 646 (E.D. Mich. 2018) *("Bledsoe I")* (dismissing first amended complaint). Rather, the court decided that the *Bledsoe* plaintiffs' new allegations in the second amended complaint had cured pleading defects identified in the prior complaint with respect to the purported existence and operation of an alleged "defeat device." *Bledsoe II*, slip op. at 2-3. The same cannot be said here.

---

[1] Plaintiffs attached copies of the slip opinions to their letters. For ease of reference, citations to *Bledsoe II* and *Gamboa* are to the slip opinion and order, rather than the Westlaw publication.

Plaintiffs' allegations here are far more like the allegations found implausible in *Bledsoe I*. *Bledsoe I* found that "testing on a single 2012 Dodge Ram 2500" that "showed high levels of NOx emissions" did not adequately support the plaintiffs' allegation that a "defeat device" was present in the vehicles at issue. *Bledsoe II,* slip op*.* at 13; *see also* Bosch Br. 12, ECF No. 30 (*citing Bledsoe I*, 307 F. Supp. 3d 646, 660 (E.D. Mich. 2018)). The first amended complaint in *Bledsoe* similarly failed to include "relevant and material information about the condition of the truck, or the parameters of the testing, such as the altitude or incline at which testing occurred." *Bledsoe II*, slip op. at 13. By contrast, in the second amended complaint, the *Bledsoe* plaintiffs described the characteristics of the alleged "defeat device" and alleged that their testing controlled for other variables, allowing the court to find plausible that the results could be explained by the presence of a defeat device. *Id.* at 19. Moreover, the court found persuasive that the plaintiffs devoted almost thirty pages to providing "far more detailed information about the PEMS testing they conducted" on three different vehicles and "why this level of testing should be acceptable to the Court." *Id.* at 14.

Plaintiffs fail to allege such factual information here. According to the Complaint, Plaintiffs here tested a single, used vehicle under conditions that were – based on Plaintiffs' allegations – different from federal emissions procedures. Bosch Br. 10-11. Similar to *Bledsoe I*, Plaintiffs here also ask the Court to make the implausible inference that a "defeat device," the nature and characteristics of which are not identified, must be present in all models and model years of the Subject Vehicles based on testing performed by their own alleged "experts" on that single vehicle. *See* Bosch Br. 10. Yet Plaintiffs fail to explain why a single used vehicle with substantial (but unknown) driving history and an equally unknown maintenance history should be credited as a valid proxy for all of the Subject Vehicles. *See Bledsoe I*, slip op. at 18-23; BMW Br. 15, ECF No. 29-1. Thus, setting aside whether *Bledsoe II* correctly found the claims there to be plausible, that case further counsels in favor of dismissal of the Complaint here. *Id.* at 12-16.

Second, neither *Bledsoe II* nor *Gamboa* supports that the only public statement by Bosch LLC reproduced in the Complaint is actionable. The only public statement Plaintiffs identified by a Bosch entity relates to features of the EDC-17, not anything specific to the Subject Vehicles. *See* Bosch Br. 39; Bosch Reply 19-20, ECF No. 44. Nor is that statement the kind of "quantifiable" representation that *Bledsoe II* and *Gamboa* found could be actionable. *See Bledsoe II*, slip op. at 43; *Gamboa*, slip op. at 28; Bosch Br. 43. In any event, Plaintiffs do not allege the statement is false, nor did any Plaintiff allegedly rely on it or any other representation by a Bosch entity when purchasing a Subject Vehicle. Bosch Br. 43-44; Bosch Reply 19-20.

The BMW advertising that Plaintiffs reproduced in the Complaint similarly falls short of supporting their claims. Although Plaintiffs attempt to portray BMW as having marketed the Subject Vehicles as "clean diesels," none of the advertisements reproduced in the Complaint refers to the Subject Vehicles as "clean diesels," and few advertisements touch on environmental issues at all. Bosch Br. 8-9. The only references to emissions standards refer to regulatory compliance across the 50 states. *Id.* Even if such statements were actionable – they are not, *see, e.g.*, *Bledsoe II*, slip op. at 43 – they show that Plaintiffs' theory of the alleged wrong is a direct fraud on the regulators that did not proximately cause Plaintiffs' injuries. Bosch Br. 25-29; Bosch Reply 7-12; Bosch LLC Letter of Mar. 8, 2019, at 2-3, ECF No. 48.

Third, and relatedly, *Gamboa* relied for its analysis on other out-of-Circuit district court decisions Plaintiffs have submitted and does not significantly add to them. *See* Bosch Br. 21-45.

2

It did not address all of Bosch LLC's arguments here that Plaintiffs' claim of fraud on the EPA and CARB interrupts proximate causation, is outside the relevant zone of interests, and is barred by the indirect-purchaser rule:

- <u>Direct victim</u>: *Gamboa*'s holding that the plaintiffs there satisfied RICO's proximate cause requirement is at odds with binding precedent of the Third Circuit – which the *Gamboa* court did not consider – establishing that a plaintiff must be the "direct victim" of the claimed RICO violation. *See* Bosch Br. 25-29; Bosch Reply 7-12. The Third Circuit has specifically rejected the contention "that proximate causation is present in a civil RICO case where the alleged racketeering conduct effects violations of a regulatory regime designed to protect plaintiffs." *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 267 (3d Cir. 1999). The Complaint here, as in *Gamboa*, makes clear that the EPA and CARB are the "direct victims" of any alleged fraud and "can be expected to vindicate the laws by pursuing their own claims," if there are any claims to be pursued. Bosch Br. 26; *see also id.* at 26-29; Bosch Reply 7-12. Moreover, proximate cause is lacking because various intermediaries – including the dealers who sold the Subject Vehicles – stand between Bosch LLC's alleged conduct and Plaintiffs' alleged injuries. Bosch Br. 23-24 (citing *Longmont United Hosp. v. Saint Barnabas Corp.*, 305 F. App'x 892 (3d Cir. 2009)); Bosch Reply 7-8.

- <u>Zone-of-interests</u>: *Gamboa* also did not consider the argument Bosch LLC raised here that Plaintiffs' damages claim does not fall within the zone-of-interests that Congress intended to benefit under the Clean Air Act. Bosch Br. 27-29; Bosch Reply 9 n.7.

- <u>Indirect-purchaser rule</u>: The *Gamboa* court also did not have the opportunity to consider Bosch LLC's argument here that the indirect-purchaser rule in the Third Circuit requires dismissal where, as here, indirect purchasers of a product bring a RICO claim premised on alleged overpayment caused by a RICO violation. Bosch LLC Letter of Mar. 8, 2019, at 2, ECF No. 48.

3

      We would welcome the opportunity for oral argument and would be prepared to address there, or as otherwise directed by the Court, the issues raised in this letter and Bosch LLC's letter of March 8, 2019, or any other issue that would assist the Court.

                                              Respectfully Submitted,

                                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

Dated: April 19, 2019        By: */s/ Jeffrey A. Rosenthal*
                                               Jeffrey A. Rosenthal
                                               Carmine D. Boccuzzi, Jr.
                                               One Liberty Plaza
                                               New York, NY 10006
                                               Tel. (212) 225-2000
                                               Fax: (212) 225-3999
                                               jrosenthal@cgsh.com

                                               Matthew D. Slater
                                               2112 Pennsylvania Avenue NW
                                               Washington, DC 20037
                                               Tel. (202) 974-1500
                                               Fax: (202) 974-1999
                                               mslater@cgsh.com

                                              *Counsel for Defendant Robert Bosch LLC*