**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA HU, *et al.*, | Civil Action No. 18-4363 (KM)(JBC) |
| Plaintiffs, | Motion Date: March 1, 2021 |
| v. | **ELECTRONICALLY FILED** |
| BMW OF NORTH AMERICA LLC, *et al.*, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ROBERT BOSCH GMBH'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

---

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Jeffrey A. Rosenthal
Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Matthew D. Slater
Alexis Collins
2112 Pennsylvania Ave., N.W.
Washington, D.C. 20037
(202) 974-1500

CRITCHLEY, KINUM & DENOIA, LLC

Michael Critchley, Sr.
Amy Luria
75 Livingston Avenue
Roseland, NJ 07068
(973) 422-9200

*Counsel for Defendant Robert Bosch GmbH*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND.................................................................2

ARGUMENT .........................................................................................................................6

I.      BOSCH GMBH IS NOT SUBJECT TO GENERAL JURISDICTION IN NEW
JERSEY BECAUSE IT IS NOT "AT HOME" IN THE STATE. ....................................6

II.     BOSCH GMBH IS NOT SUBJECT TO SPECIFIC PERSONAL
JURISDICTION BECAUSE THE ALLEGED CONDUCT GIVING RISE TO
PLAINTIFFS' STATE-LAW CLAIMS DID NOT TARGET NEW JERSEY. .................7

        A.      In-State Activities By The BMW Defendants Are Irrelevant To Personal
Jurisdiction Over Bosch GmbH. .................................................................10

        B.      Allegations About Misrepresentations to Regulators Do Not Support
Specific Personal Jurisdiction. ....................................................................10

        C.      Bosch GmbH's Alleged "Clean Diesel" Marketing Did Not Give Rise to
Plaintiffs' Claims, Nor Did It Target Or Take Place In New Jersey. ...................11

        D.      The Alleged Promotion of Diesel Technology By Other Organizations Is
Irrelevant And Has No Relationship To New Jersey. ............................................13

        E.      Plaintiffs' Stream-Of-Commerce Theory Based On The Sale Of Car Parts
Fails.............................................................................................................14

        F.      Bosch GmbH's Alleged Omissions Do Not Give Rise To Personal
Jurisdiction In New Jersey. ..........................................................................15

        G.      Plaintiffs Outside New Jersey Allege No Connection With The State.................16

III.    FORCING BOSCH GMBH TO DEFEND THESE CLAIMS IN NEW JERSEY
WOULD OFFEND NOTIONS OF FAIR PLAY AND SUBSTANTIAL
JUSTICE. .....................................................................................................................17

CONCLUSION ....................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Ackourey v. Sonellas Custom Tailors*,
  573 F. App'x 208 (3d Cir. 2014) ..........................................................................13

*Al-Ghena Int'l Corp. v. Radwan*,
  957 F. Supp. 2d 511 (D.N.J. 2013) (McNulty, J.) ..................................................14

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987) ....................................................................................7, 15, 17

*Bartolomei v. Twin Ponds Family Recreation Ctr.*,
  Civil No. 06-0177 (JBS), 2006 WL 3694601 (D.N.J. Dec. 13, 2006) ...................13

*Benitez v. JMC Recycling Sys., Ltd.*,
  97 F. Supp. 3d 576 (D.N.J. 2015) ....................................................................13, 15

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  137 S. Ct. 1773 (2017) ..........................................................................7, 9, 11, 16

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................6

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
  948 F.3d 124 (3d Cir. 2020) ............................................................................2, 7, 9

*Forero v. APM Terminals*,
  Civ. No. 18-13754 (KM)(CLW), 2019 WL 6168031 (D.N.J. Nov. 19, 2019) .......15

*Giangola v. Walt Disney World Co.*,
  753 F. Supp. 148 (D.N.J. 1990) ...........................................................................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................7

*Gray v. Apple Inc.*,
  No. 13-cv-7798 (KM) (MAH), 2016 WL 4149977 (D.N.J. Aug. 3, 2016) (McNulty,
  J.) ............................................................................................................................6

*IMO Indus., Inc. v Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ..................................................................................6

*In re Mercedes-Benz Emissions Litig.*,
    Civil Action No. 16-881 (JLL)(JAD), 2019 WL 413541 (D.N.J. Feb. 1, 2019) ...................11

*In re Nazi Era Cases Against German Defendants Litig.*,
    320 F. Supp. 2d 204 (D.N.J. 2004) .......................................................................17

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ...........................................................................................13

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ...........................................................................................10

*Kloth v. S. Christian Univ.*,
    320 F. App'x 113 (3d Cir. 2008) .........................................................................12

*Lozinski v. Black Bear Lodge, LLC*,
    Civ. No. 16-7963 (KM) (JBC), 2017 WL 1380416 (D.N.J. Apr. 10, 2017) (McNulty,
    J.) ....................................................................................................................12

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004) ...................................................................................6

*Nicholas v. Saul Stone & Co. LLC*,
    224 F.3d 179 (3d Cir. 2000) ...............................................................................10

*Novotec Pharma LLC v. Glycobiosciences, Inc.*,
    Civ. No. 15-1315, 2016 WL 54677 (D.N.J. Jan. 5, 2016) .....................................17

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
    496 F.3d 312 (3d Cir. 2007) ...............................................................................17

*Phillips v. Snap-On, Inc.*,
    No. 19-cv-2229, 2020 WL 255963 (D.N.J Jan. 17, 2020) ......................................8

*Ponzio v. Mercedes-Benz USA, LLC*,
    447 F. Supp. 3d 194 (D.N.J. 2020) ................................................................ 16-17

*Remick v. Manfredy*,
    238 F.3d 248 (3d Cir. 2001) ...............................................................................13

*Shuker v. Smith & Nephew, PLC*,
    885 F.3d 760 (3d Cir. 2018)................................................................................................15

*Walden v. Fiore*,
    571 U.S. 277 (2014)...............................................................................................7, 16

*Weber v. Jolly Hotels*,
    977 F. Supp. 327 (D.N.J. 1997).......................................................................................13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)................................................................................................18

**Other Authorities**

Fed. R. Civ. P. 4.......................................................................................................................8

Fed. R. Civ. P. 12.....................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiffs purport to represent a putative class of current and former owners or lessees of model year 2009 to 2013 BMW X5 xDrive35d and 2009 to 2011 335d diesel vehicles (the "Subject Vehicles").  Following dismissal of Plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, the only remaining claims in this action against Robert Bosch GmbH ("Bosch GmbH") are certain state-law consumer-protection and fraudulent-concealment claims centered on the concept of alleged misrepresentations and/or omissions in connection with the sale or advertisement of the Subject Vehicles *by others* and generic marketing of diesel technology.

The First Amended Consolidated Class Action Complaint, ECF No. 65 (the "Complaint" or "FAC"), fails to allege facts showing that Bosch GmbH is subject to personal jurisdiction on these state-law claims in New Jersey.  Bosch GmbH is incorporated and headquartered in Germany.  It is accordingly not subject to general jurisdiction in this district, and Plaintiffs do not allege that it is.  Bosch GmbH is likewise not subject to specific jurisdiction for the state-law claims, because none of the alleged action or inaction by Bosch GmbH in relation to those claims is alleged to have targeted New Jersey.

To the extent that Plaintiffs' state-law claims rest on general promotion of the merits of "Clean Diesel" technology, the FAC makes no allegation that Bosch GmbH conducted such efforts in New Jersey or targeted them to New Jersey consumers.  Neither the New Jersey Plaintiffs nor the Plaintiffs from states other than New Jersey (who are the vast majority of plaintiffs) claim any injury from alleged misrepresentations or omissions by Bosch GmbH in generic Clean Diesel marketing in or targeted to New Jersey; indeed, no Plaintiff alleges to have ever even seen any Clean Diesel marketing by Bosch GmbH.

1

The FAC's reliance on allegations that Bosch GmbH made statements about *other* diesel vehicles manufactured by BMW's competitors (which are not alleged to have occurred in New Jersey) obviously cannot establish specific personal jurisdiction here because Plaintiffs' claims do not arise from or concern those other manufacturers' vehicles.

For the same reasons, Plaintiffs' allegations about Bosch GmbH's purported conduct with respect to the development of "defeat devices" do not give rise to specific personal jurisdiction in New Jersey.  Those allegations relate to the efforts of some undefined BMW entity—BMW AG and/or BMW of North America LLC ("BMW NA," and, with BMW AG, the "BMW Defendants")— to meet national emissions standards and therefore, at best, allege targeting of a national market of BMW consumers and not specifically New Jersey.  Nor is the provision of any such alleged assistance by Bosch GmbH a misrepresentation or omission that is actionable under the state-law claims.  Rather, it would, at best, be a "but-for" cause of an alleged omission, which is insufficient to establish personal jurisdiction here.  *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020).

In sum, the FAC fails to make even a *prima facie* showing that Bosch GmbH is subject to personal jurisdiction in this forum.  The Due Process Clause of the United States Constitution bars Plaintiffs from haling Bosch GmbH into a New Jersey court for alleged conduct that has no particular relationship with the state, and the Court should therefore dismiss the claims against Bosch GmbH under Federal Rule of Civil Procedure 12(b)(2).

## PROCEDURAL AND FACTUAL BACKGROUND

The FAC, filed on September 20, 2019, included RICO and state-law consumer-protection and fraudulent-concealment claims against the BMW Defendants, Bosch GmbH, and Robert Bosch LLC ("Bosch LLC").  On June 25, 2020, this Court granted in part Bosch LLC's and BMW NA's motions to dismiss the FAC, dismissing Plaintiffs' RICO claims entirely and

allowing only the state-law consumer-protection and fraudulent-concealment claims to continue. Order (June 25, 2020), ECF No. 80.  On July 2, 2020, Plaintiffs moved for reconsideration of that decision.  Pls.' Mot. for Recons. and Reversal of Dismissal of RICO Claim (July 2, 2020), ECF No. 81.  BMW AG and Bosch GmbH subsequently stipulated with Plaintiffs that the Court's dismissal of RICO claims against BMW NA and Bosch LLC would apply equally to BMW AG and Bosch GmbH, as would the Court's decision on Plaintiffs' pending motion for reconsideration.  Stipulation and Order (Nov. 13, 2020), ECF No. 94.  The substantive deficiencies of Plaintiffs' RICO claims are therefore not addressed here.

As relevant to the question of personal jurisdiction, Plaintiffs' allegations about Bosch GmbH all lack one thing:  any specific connection to New Jersey.  Bosch GmbH is neither headquartered nor incorporated in New Jersey.  FAC ¶ 77.  Nor is any of its purported conduct alleged to have targeted this state.

Notably, the section of the FAC on jurisdiction specifically invokes the RICO statute as a basis for personal jurisdiction over each Defendant.  *Id.* ¶ 29.  There, Plaintiffs make conclusory allegations regarding the "design, manufacture, distribution, testing, sale, lease, and/or warranty" of Subject Vehicles in the United States and the judicial district, but do not make even conclusory allegations regarding the basis for personal jurisdiction over Bosch GmbH for the remaining state-law claims, which concern alleged misrepresentations or omissions in advertising the Subject Vehicles that was done by other parties or in Bosch GmbH's promotion of Clean Diesel technology.  *See id.*  The section of the FAC on venue likewise invokes the RICO statute as a basis for venue and does not meaningfully explain how venue is proper for the state-law claims against Bosch GmbH.  *See id.* ¶ 30.

The FAC generally alleges that the Subject Vehicles each contain a "defeat device" to evade emissions regulations and that Defendants' failure to disclose this alleged "defeat device" led Plaintiffs purportedly to overpay for their vehicles. The alleged "targets" of the purported conduct regarding the "defeat device" were federal or California regulators as well as nationwide consumers generically, not New Jersey regulators or New Jersey consumers. The FAC recognizes that vehicle manufacturers must comply either with the federal standards or with California's standards and interact with federal or California regulators, FAC ¶¶ 117, 121-123, 126; Plaintiffs do not allege any issues with respect to any unique New Jersey standard or New Jersey regulator.

As to their state-law claims, Plaintiffs never allege that Bosch GmbH promoted, marketed, or otherwise made any statements specifically about the Subject Vehicles directly to United States consumers, much less New Jersey consumers. *See id.* ¶¶ 284-294. The only allegations regarding marketing or advertising as to either Bosch entity at all are that Bosch GmbH and Bosch LLC "specifically targeted the United States" when promoting the use of diesel technology for automobiles generally. *Id.* ¶ 286; *see also id.* ¶¶ 284, 289-291. But the FAC does not allege that Bosch GmbH's alleged general advertising and marketing targeted *New Jersey* consumers, as opposed to a national market.

None of Bosch GmbH's alleged generic Clean Diesel marketing is alleged to have targeted New Jersey. The only vehicle-specific marketing that Plaintiffs identify purportedly helped to promote vehicles manufactured by BMW's *competitors*, Volkswagen and Audi, *id.* ¶¶ 287-290, 292. To the extent that the FAC identifies specific locations for any of the purported "Clean Diesel" marketing events, Plaintiffs allege that they took place in California, Michigan, Virginia, and Washington, D.C., *id.* ¶¶ 286, 292, and that "Clean Diesel" was marketed on

4

passive nationwide websites and posts on the Internet. *Id.* ¶¶ 310-314.  These various promotional efforts were allegedly aimed "to promote the sale of clean diesel vehicles in the United States" in general, *id.* ¶ 293, and to reach "American car buyers," *id.* ¶ 310.  But none of these promotional efforts by Bosch GmbH are alleged to have taken place in or targeted New Jersey or to have involved the Subject Vehicles.

Perhaps recognizing the difficulty of relying on Bosch GmbH's marketing alone, the FAC turns to Bosch GmbH's alleged involvement with various non-party trade organizations— the Diesel Technology Forum ("DTF"), *id.* ¶¶ 309-314, the Coalition for Advanced Diesel Cars ("CADC"), *id.* ¶ 291, and the German Association of the Automotive Industry ("VDA"), *id.* ¶ 293—which promoted the benefits of diesel technology for automotive and other applications. None of these organizations are alleged to be located in New Jersey.  Nor do Plaintiffs explain why Bosch GmbH's alleged participation in these organizations subjects it to personal jurisdiction in New Jersey.

Nor does any individual plaintiff even allege that he or she ever saw or relied on any of these promotional materials.  Out of forty-two named Plaintiffs, only two are alleged to have any tie to the state – William Berbaum ("Berbaum") and Charles Chapman ("Chapman").  *Id.* ¶¶ 52-53.  Noticeably absent from the allegations regarding those two Plaintiffs, is any allegation that they saw *any* promotion by Bosch GmbH or that Bosch GmbH advertised directly to them.  The FAC does not allege any interaction between Bosch GmbH and Berbaum or Chapman at all. Rather, the two New Jersey Plaintiffs allege only that "Bosch [*sic*] knew about, or recklessly disregarded" the alleged defects in their vehicles and "did not disclose . . . their effects" to either

Plaintiff.  *Id.*  But since Bosch GmbH is not alleged to have acted in or targeted New Jersey, this alleged failure to act also did not occur here.[1]

**ARGUMENT**

A district court's exercise of personal jurisdiction over a nonresident defendant is limited by both the forum state's long-arm statute and the Due Process requirements of the Fourteenth Amendment.  *IMO Indus., Inc. v Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998).  Because New Jersey's long-arm statute "provides for jurisdiction coextensive with the due process requirements of the United States Constitution," the question here is whether the exercise of personal jurisdiction over Bosch GmbH would be constitutionally acceptable.  *Gray v. Apple Inc.*, No. 13-cv-7798 (KM) (MAH), 2016 WL 4149977, at *2 (D.N.J. Aug. 3, 2016) (McNulty, J.) (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)).  It would not.

**I.     BOSCH GMBH IS NOT SUBJECT TO GENERAL JURISDICTION IN NEW JERSEY BECAUSE IT IS NOT "AT HOME" IN THE STATE.**

Only a "limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  For a corporation, there are two "paradigm bases for general jurisdiction:" the place where the corporation is incorporated, and the place where it has its principal place of business.  *Id.* (internal punctuation omitted).  Neither exists here.

Bosch GmbH is not incorporated in New Jersey; nor does it have its principal place of business in New Jersey.  It is incorporated and headquartered in Germany.  FAC ¶ 77.  The FAC does not otherwise allege any "exceptional" circumstances that would subject it to general jurisdiction outside those paradigm locations.  *See Gray*, 2016 WL 414997, at *4 (finding no

---

[1] Plaintiffs do not explain the forum through which Bosch GmbH could or should have "disclose[d] . . . the[] effects" of these alleged defects to the New Jersey Named Plaintiffs or other purchasers and lessees with whom it never communicated about the Subject Vehicles and with whom it never transacted.  *See* FAC ¶¶ 52-53.

general jurisdiction over corporation with 12 stores and $182.8 billion in sales in New Jersey).

Accordingly, Bosch GmbH is not subject to general personal jurisdiction in New Jersey.

## II.   BOSCH GMBH IS NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION BECAUSE THE ALLEGED CONDUCT GIVING RISE TO PLAINTIFFS' STATE-LAW CLAIMS DID NOT TARGET NEW JERSEY.

To be subject to specific personal jurisdiction, a defendant must have engaged in deliberate and significant activity within a state or in activity targeted towards a state connected to the claim in question, such that it would reasonably be expected to be subject to a lawsuit there. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017); *Walden v. Fiore*, 571 U.S. 277 (2014). It is not enough to show a corporation engaged in "continuous activity of some sort within a state." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)). Personal jurisdiction instead requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). And the claims at issue in the litigation must "arise out of or relate to" the defendant's contacts with New Jersey. *Danziger & De Llano, LLP*, 948 F.3d at 129-30 (holding court lacked personal jurisdiction because the claims did not arise out of the contacts at issue). Intentional tort claims, such as the state-law claims here, "require a closer and more direct causal connection than but-for causation. . . . The defendant must have expressly aimed its tortious conduct at the forum to make the forum the focal point of the tortious activity." *Id.* (internal citation, punctuation, and quotation marks omitted). The FAC cannot satisfy this standard.

Plaintiffs base personal jurisdiction in New Jersey on the venue provisions of the RICO statute. *See* FAC ¶ 29. Now that the RICO claims have been dismissed, there is no federal claim

in the case.  In the absence of a federal claim, Plaintiffs cannot rely on nationwide contacts for

personal jurisdiction or venue on the basis of Federal Rule of Civil Procedure 4(k)(2).  *Phillips v.*

*Snap-On, Inc.*, No. 19-cv-2229, 2020 WL 255963, at *2-3 (D.N.J Jan. 17, 2020) (where a "case

does not arise under federal law," a foreign company's "contacts with the United States generally

are immaterial," and Fed. R. Civ. P. 4(k)(2) does not apply).  The only allegations that are

relevant to the personal jurisdiction analysis here, therefore, are allegations regarding Bosch

GmbH's contacts with New Jersey specifically.

> As to those purported contacts, Plaintiffs rely on the conclusory allegation that:

> Defendants [without further specification] . . . conduct[ed] a substantial amount of
> business throughout the State, including the design, manufacture, distribution, testing,
> sale, lease and/or warranty of BMW vehicles in this State and District. At least in part
> because of Defendants' misconduct as alleged in this lawsuit, the Polluting BMW
> Vehicles ended up on this State's roads and in dozens of franchise dealerships.

FAC ¶ 29; *see also* FAC ¶ 77 (alleging that Bosch GmbH "designed manufactured, and supplied

elements of the defeat device to BMW [undefined entity] for use in the Polluting BMW

Vehicles" and "collaborated in the emissions scheme with BMW [undefined entity]").  Such

conclusory allegations do not suffice to confer jurisdiction.

First, the allegation that Subject Vehicles "ended up" in New Jersey through the stream-

of-commerce fails to establish specific *targeting* of New Jersey by Bosch GmbH that would

demonstrate purposeful availment.  *See* FAC ¶ 29.

Second, the state-law consumer protection and fraudulent-concealment claims "arise

from" false advertising or marketing *to consumers*, not from any alleged activity by Bosch

GmbH to collaborate on the purported defeat device in New Jersey.  There is no credible

allegation that the development of the purported defeat device is itself a misrepresentation or

omission, because it cannot be.  There is, in addition, no credible allegation that Bosch GmbH

conducted any such activity in New Jersey.  Such allegations of work on a "defeat device" would, at best, only constitute a "but-for" cause of the alleged omissions and misrepresentations about the emissions performance of the Subject Vehicles in the marketing and advertising that form the basis of the state-law claims.  And contacts that merely establish but-for causation are insufficient to establish specific personal jurisdiction.  *See Danziger & De Llano, LLP*, 948 F.3d at 129-30.

Third, aside from its assertions about the development of the purported defeat device, the FAC broadly alleges two groups of activities:  defrauding regulators and misrepresenting the qualities of the Subject Vehicles to the public.  To the extent that the state-law claims against Bosch GmbH arise out of the purportedly false representations or omissions other parties made about the performance of the Subject Vehicles' emissions system in consumer advertising, such activities cannot be imputed to Bosch GmbH to establish personal jurisdiction.  And in any event, the FAC alleges only that such misrepresentations were broadly aimed at U.S. consumers nationwide.  *See, e.g.*, FAC ¶¶ 72, 131-149 (citing marketing materials that tout, among other things, the Subject Vehicles' compliance with emissions requirements in "all 50 states").  There is no allegation that Subject Vehicle marketing and promotional materials specifically targeted New Jersey.  The same is true for the FAC's irrelevant allegations about Bosch GmbH's purported assistance to *other* vehicle manufacturers with *other* alleged emissions schemes about *other* vehicles, *see* FAC ¶¶ 8-85, 267-290, 292, 295-308.  *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (holding that research related to other drugs in state was not "sufficient[, ]or even relevant" to create personal jurisdiction for claim about drug Plavix).

These failings are explained further in the following sub-parts.

9

A.   **In-State Activities By The BMW Defendants Are Irrelevant To Personal Jurisdiction Over Bosch GmbH.**

When evaluating whether the Court has personal jurisdiction, "[e]ach defendant's contacts with the forum state must be assessed individually." *Nicholas v. Saul Stone & Co. LLC*, 224 F.3d 179, 184 (3d Cir. 2000) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).  To the extent the FAC contains allegations about the BMW Defendants' purported advertisements and/or contacts with New Jersey, *see, e.g.*, FAC ¶¶ 129-150, they cannot be applied to support personal jurisdiction over Bosch GmbH.  In particular, Plaintiffs have not alleged that Bosch GmbH had any role in—or control over—the BMW Defendants' advertising or marketing, whether regarding the BMW Defendants' nationwide campaigns or communications to New Jersey consumers, and there is no suggestion or factual basis presented in the FAC to infer that Bosch GmbH, as one of numerous parts suppliers for any vehicle, would do so.  *Cf. id.* ¶¶ 52-53.

B.   **Allegations About Misrepresentations to Regulators Do Not Support Specific Personal Jurisdiction.**

The FAC theorizes that Defendants, including Bosch GmbH, engaged in a scheme to "evade U.S. emissions requirements," which Plaintiffs acknowledge are set and enforced by the Environmental Protection Agency (a federal agency based in the District of Columbia) and the California Air Resources Board—not any governing regulator in New Jersey.  *See, e.g.*, *id.* ¶¶ 25, 86-100, 126 & n.7.  But Plaintiffs have argued that their state-law claims center on alleged misstatements or omissions to consumers, not regulators.  *See* Pls.' Opp'n to Robert Bosch LLC's Mot. to Dismiss FAC at 16 & n.23, (Dec. 13, 2019), ECF No. 72 ("While Plaintiffs do reference violations of federal emissions standards those violations are not an essential element of their state-law claims.  To prove their state law claims, Plaintiffs must show that Defendants lied to or deceived them, not that Defendants violated federal emissions standards." (brackets

10

omitted) (quoting *In re Mercedes-Benz Emissions Litig.*, Civil Action No. 16-881 (JLL)(JAD), 2019 WL 413541, at *19 (D.N.J. Feb. 1, 2019))).  Even if those claims did concern misstatements to regulators, none of the allegedly relevant regulators are located in New Jersey. Thus, these allegations do not establish that Bosch GmbH targeted New Jersey or otherwise support specific jurisdiction in this case.

        **C.**      **Bosch GmbH's Alleged "Clean Diesel" Marketing Did Not Give Rise to Plaintiffs' Claims, Nor Did It Target Or Take Place In New Jersey.**

Specific jurisdiction requires that a defendant have engaged in activity within a state or targeting that state which is connected to the claim in question.  *Bristol-Myers Squibb*, 137 S. Ct. at 1781.  Bosch GmbH's purported "Clean Diesel" marketing alleged by Plaintiffs does not satisfy that requirement.

As an initial matter, Plaintiffs never allege that Bosch GmbH promoted the actual Subject Vehicles.  Rather, they allege that Bosch GmbH generally promoted technology called "'clean diesel' *in a broad sense*," which included various advances in "clean diesel fuel, advanced engines and effective exhaust control technology" untethered to the Subject Vehicles.  FAC ¶ 289 (emphasis added).  They also allege that Bosch GmbH mentioned vehicles made by BMW's *competitors*, Audi and Volkswagen, as examples of "clean diesel" vehicles.  *Id.* ¶¶ 289-290, 292.  But Plaintiffs never allege that this marketing contained any misleading statements about the Subject Vehicles, much less that any New Jersey plaintiff saw or relied on this marketing.  Accordingly, Plaintiffs' state-law claims, which all concern the alleged defrauding of consumers in connection with their decisions to purchase or lease Subject Vehicles, do not "arise out of or relate to" any Clean Diesel marketing by Bosch GmbH.  *Bristol Myers-Squibb*, 137 S. Ct. at 1781 (citation omitted).

In any event, Bosch GmbH's alleged marketing of generalized Clean Diesel technology is categorically insufficient to confer specific jurisdiction because none of it is alleged to have taken place in or specifically targeted New Jersey.  A plaintiff must show that the defendant "intended to engage in business with . . . citizens of . . . the forum state," *Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008), but Plaintiffs here cannot do so.

There are a number of additional reasons why the broad Clean Diesel marketing allegations fail to establish that the promotional activities targeted New Jersey.  First, in the entire 459-page FAC, Plaintiffs fail to allege a single instance of in-person marketing by Bosch GmbH that occurred in or targeted New Jersey.  Instead, they allege that the Bosch Defendants held in-person (non-BMW specific) Clean Diesel promotional events in California, Michigan, Virginia, and Washington, D.C., FAC ¶¶ 284-294, and that organizations with which Bosch GmbH purportedly was affiliated conducted in-person (non-BMW specific) marketing events outside New Jersey.  *Id.* ¶¶ 286-287, 290, 292.[2]  None of these alleged out-of-state marketing events support a finding of specific personal jurisdiction in New Jersey.

Second, Plaintiffs' allegations that Bosch GmbH promoted Clean Diesel in broadly released advertising on the Internet or in press releases in national media campaigns cannot support a finding that Bosch GmbH targeted New Jersey.  *See id.* ¶¶ 289, 310-314, 384-385.  Advertising activity that broadly targets the entire country, or indeed the entire world on the Internet, does not display the requisite purposeful availment of New Jersey.  *See*, *e.g.*, *Lozinski v. Black Bear Lodge, LLC*, Civ. No. 16-7963 (KM) (JBC), 2017 WL 1380416, at *4 (D.N.J. Apr. 10, 2017) (McNulty, J.) ("[T]he mere operation of a commercially available web site should not

---

[2] Furthermore, many of the references to "Clean Diesel" marketing specifically allege involvement of Bosch LLC, not Bosch GmbH.  *See*, *e.g.*, FAC ¶¶ 286-290.

subject the operator to jurisdiction anywhere in the world.  Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state . . . .").

In other words, absent allegations of specific interactions through the website with New Jersey residents—of which there are none in the FAC—"the mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir. 2001); *see also Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 212 (3d Cir. 2014) (a website that "does little more than advertise on the Internet" does not give rise to personal jurisdiction) (internal quotation marks and citation omitted).  Nor do other forms of national advertising "subject the companies whose products they advertise to national jurisdiction." *Bartolomei v. Twin Ponds Family Recreation Ctr.*, Civil No. 06-0177 (JBS), 2006 WL 3694601, at *3 (D.N.J. Dec. 13, 2006) (citing *Weber v. Jolly Hotels*, 977 F. Supp. 327, 333 (D.N.J. 1997)); *see also Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 583 (D.N.J. 2015) (targeting a national market, including through broad advertising, is not enough to establish specific jurisdiction in states where a company did not specifically target advertising) (citing *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011)).  If it did, it "would make a defendant amenable to suit wherever the advertisements were aired [and] would substantially undermine the law of personal jurisdiction." *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 156 (D.N.J. 1990).

Bosch GmbH's alleged marketing activities about "Clean Diesel" therefore cannot be a basis for specific personal jurisdiction in New Jersey.

> **D.     The Alleged Promotion of Diesel Technology By Other Organizations Is Irrelevant And Has No Relationship To New Jersey.**

Plaintiffs' allegations regarding the promotion of diesel vehicles by organizations of which Bosch GmbH (along with many other suppliers and manufacturers) purportedly is a

member — the DTF, CADC, and VDA — also cannot be a basis for personal jurisdiction. Specifically, Plaintiffs allege that the DTF issued press releases and made posts on its website, FAC ¶¶ 310-314, the CADC lobbied the U.S. Congress and regulators outside of New Jersey, *id.* ¶ 291, and the VDA attempted "to promote the sale of clean diesel vehicles in the United States," *id.* ¶ 293.

As a threshold matter, activity by the DTF, CADC, and VDA cannot be attributed to Bosch GmbH for personal jurisdictional purposes. Bosch GmbH is a separate entity from the DTF, CADC, and VDA, each of which also includes other corporate members. *See Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 531-35 (D.N.J. 2013) (McNulty, J.) (specific jurisdiction must be evaluated in a defendant-specific analysis).

Even if the Court considered the activities of the DTF, CADC, or VDA, there would still be no personal jurisdiction over Bosch GmbH because none of their alleged public relations activities targeted New Jersey or the Subject Vehicles. The FAC only alleges that the groups engaged in national lobbying, marketing, and advertising about diesel technology generally. *See* FAC ¶¶ 291, 293, 309-314, 360. For the same reasons explained above, such nationwide marketing activity does not give rise to specific jurisdiction in this state. *See supra* Section II.C.

**E.    Plaintiffs' Stream-Of-Commerce Theory Based On The Sale Of Car Parts Fails.**

Plaintiffs also cannot establish specific personal jurisdiction over Bosch GmbH based on its alleged sale of a component (the EDC17) to "BMW" that eventually ended up in vehicles in New Jersey. *See* FAC ¶¶ 29, 77, 357, 362. Nowhere in the FAC do Plaintiffs allege that Bosch GmbH sold any components directly to either BMW entity in New Jersey. "[M]erely placing goods in the stream of commerce, even with the expectation that the goods might reach

14

consumers in the forum state, would not establish personal jurisdiction . . . ." *Benitez*, 97 F. Supp. 3d at 584.

The Supreme Court has consistently rejected such "stream of commerce" arguments where, as here, plaintiffs cannot show some additional "act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (quoting *Asahi Metal Indus.*, 480 U.S. at 109). A defendant that targets its sales towards the entire United States has not necessarily targeted a particular forum state. *Id.* Even regular commerce in a state that is part of a corporation's ordinary course of business is insufficient to establish personal jurisdiction if the actions are part of a nationwide effort, instead of specifically aimed at the state. *Forero v. APM Terminals*, Civ. No. 18-13754 (KM)(CLW), 2019 WL 6168031, at *4 (D.N.J. Nov. 19, 2019).

Plaintiffs have not alleged that Bosch GmbH targeted its sales at New Jersey consumers. Nor do they allege any additional conduct by Bosch GmbH that would create a link to New Jersey. Indeed, Plaintiffs do not even claim that Bosch GmbH controlled or knew of the location of the EDC17 component part after Bosch GmbH sold it to its customer—the vehicle manufacturer. Thus, Plaintiffs' stream-of-commerce theory does not support specific personal jurisdiction.

### F. Bosch GmbH's Alleged Omissions Do Not Give Rise To Personal Jurisdiction In New Jersey.

Plaintiffs do not allege that Bosch GmbH made any affirmative misrepresentations to them, whether in New Jersey or otherwise, but neither can they rely on allegations of purported omissions or a duty to disclose to support specific personal jurisdiction. *See* FAC ¶¶ 400-401. There is no suggestion in the FAC that Bosch GmbH had any connection or relationship with

15

Plaintiffs (contractual or otherwise) or that Bosch GmbH directed any conduct at Plaintiffs in New Jersey.  "[T]he plaintiff cannot be the only link between the defendant and the forum," and here, there is no relationship between Bosch GmbH's alleged omissions and the state of New Jersey other than the fact that two individuals allegedly misled by those purported omissions happen to live in New Jersey.  *Walden*, 571 U.S. at 285.  Bosch GmbH's supposed "relationship with [Plaintiffs], standing alone, is an insufficient basis for jurisdiction"—and here, Plaintiffs do not even allege that such a relationship exists.  *See id.* at 286; *see also* FAC ¶¶ 52-53 (New Jersey Plaintiffs' allegations that an unspecified Bosch Defendant entity "did not disclose" facts regarding alleged "inadequate emission controls during normal driving conditions" without alleging any direct relationship between themselves and Bosch GmbH).

### G.    Plaintiffs Outside New Jersey Allege No Connection With The State.

Out of the forty-three named plaintiffs in the FAC, forty-one of them (approximately ninety-five percent) are plaintiffs who allege no connection to New Jersey whatsoever.  *See generally*, FAC ¶¶ 31-70.  Those Plaintiffs reside outside of New Jersey, purchased their Subject Vehicles outside of New Jersey, and bring claims under other states' laws.  *Id.*  Even if this Court found that Bosch GmbH somehow had sufficient contacts with New Jersey giving rise to the claims of the two New Jersey Plaintiffs under New Jersey law (which Bosch GmbH does not), there are still no allegations that the causes of action for plaintiffs outside of New Jersey brought under other states' laws arise from any contact by Bosch GmbH in New Jersey.  For that reason alone, Plaintiffs have not sufficiently pled minimum contacts required for personal jurisdiction as to plaintiffs outside of New Jersey and all claims from those plaintiffs against Bosch GmbH should be dismissed.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1781-82 (holding personal jurisdiction was absent as to claims by out-of-state plaintiffs who had not suffered any injury in the forum state); *see also Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 216 & n.5

16

(D.N.J. 2020) (holding, in line with federal consensus, that *Bristol-Myers Squibb* is applicable to named plaintiffs in federal class action).

## III.   FORCING BOSCH GMBH TO DEFEND THESE CLAIMS IN NEW JERSEY WOULD OFFEND NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.

Finally, even if Plaintiffs could satisfy the other requirements for specific personal jurisdiction, they cannot show that "the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Ponzio*, 447 F. Supp. at 215 (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks and brackets omitted). First, Bosch GmbH is a German company, and "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus.*, 480 U.S. at 114. Second, the "[e]fficient [a]dministration of [j]ustice" favors dismissal, because the "principal witnesses and documentary evidence" of all Bosch GmbH's alleged conduct lies outside of New Jersey: either in Germany, or perhaps in another state that Plaintiffs allege Bosch GmbH's generic non-BMW specific Clean Diesel promotional activities may have directly targeted, but in no event in New Jersey. *See In re Nazi Era Cases Against German Defendants Litig.*, 320 F. Supp. 2d 204, 230-31 (D.N.J. 2004).

Third, New Jersey has, at best, a negligible interest in resolving this dispute. *Id.* at 229-30. Only two out of the forty-three named plaintiffs are New Jersey residents (*see* FAC ¶¶ 52-53). The remaining named Plaintiffs' claims are brought under other states' laws by other states' citizens. New Jersey can have no particular interest in resolving a claim by, for example, a named Plaintiff from Alabama against a German company based on an alleged violation of Alabama state law. *See Novotec Pharma LLC v. Glycobiosciences, Inc.*, Civ. No. 15-1315, 2016 WL 54677, at *3 (D.N.J. Jan. 5, 2016).

As for the two Plaintiffs who are New Jersey residents, the FAC does not even allege that they ever saw Bosch GmbH marketing in New Jersey or elsewhere.  It is not reasonable to subject Bosch GmbH to personal jurisdiction in New Jersey based on those plaintiffs' "unilateral" purchase of vehicles from dealerships with whom Bosch GmbH has no alleged relationship.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (citation omitted).  Forcing Bosch GmbH to defend these claims in New Jersey would therefore offend traditional notions of fair play and substantial justice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims in the FAC as to Bosch GmbH.

Respectfully Submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Dated:  December 16, 2020          By:  */s/Jeffrey A. Rosenthal*
                                        Jeffrey A. Rosenthal
                                        Carmine D. Boccuzzi, Jr.
                                        One Liberty Plaza
                                        New York, NY 10006
                                        Tel. (212) 225-2000
                                        Fax: (212) 225-2086
                                        jrosenthal@cgsh.com
                                        cboccuzzi@cgsh.com

18

Matthew D. Slater
Alexis Collins
2112 Pennsylvania Avenue NW
Washington, DC 20037
Tel. (202) 974-1500
Fax: (202) 974-1999
mslater@cgsh.com
alcollins@cgsh.com

CRITCHLEY KINUM & DENOIA, LLC
Michael Critchley, Sr.
Amy Luria
75 Livingston Avenue
Roseland, NJ 07068
Tel. (973) 42-9200
Fax: (973) 422-9700
mcritchley@critchleylaw.com
aluria@critchleylaw.com

*Counsel for Defendant Robert Bosch GmbH*

19