# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | GREGORY G. MAROTTA |
| JOHN M. AGNELLO | MELISSA E. FLAX | **PHONE (973) 994-1700** | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | **FAX (973) 994-1744** | JOHN G. ESMERADO | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | STEVEN G. TYSON | JORDAN M. STEELE** |
| | BRIAN H. FENLON | | MATTHEW J. CERES | ZACHARY A. JACOBS*** |
| | LINDSEY H. TAYLOR | | MARC D. MORY | WILLIAM H. WILLIAMS, X |
| | CAROLINE F. BARTLETT | | | MICHAEL K. BELOSTOCK |
| | ZACHARY S. BOWER+ | | OF COUNSEL | BRIAN F. O'TOOLE** |
| | DONALD A. ECKLUND | | | SEAN M. KILEY |
| | CHRISTOPHER H. WESTRICK* | | *CERTIFIED BY THE SUPREME COURT OF | |
| | STEPHEN R. DANEK | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | MICHAEL A. INNES | | +MEMBER FL BAR ONLY | |
| | MEGAN A. NATALE | | **MEMBER NY BAR ONLY | |
| | | | ***MEMBER IL BAR ONLY | |

March 28, 2022

*Via ECF*
Honorable James B. Clark III, U.S.M.J.
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

        Re: *Hu, et al. v. BMW of North America, LLC, et al.*
              Civil Action No. 18-4363(KM)(JBC)

Dear Judge Clark:

We write on behalf of Plaintiffs in response to BMW Defendants' letter of March 25, 2022. (D.E. #172). BMW Defendants' letter mischaracterizes the status of Plaintiffs' production of pre-complaint testing materials. (D.E. # 172, at 5). As described below, Plaintiffs have completed production of the agreed upon pre-complaint testing materials. Additionally, Plaintiffs will be producing a categorical privilege log on or before April 4, 2022. At that point, the parties can meaningfully meet and confer regarding the scope of Plaintiffs' waiver of work product protections of pre-complaint testing data and information and any additional information the BMW Defendants believe they require.

    **I.**    <u>**Pre-Complaint Testing Materials**</u>

On March 4, 2022, Plaintiffs produced approximately 329 documents consisting of documents Plaintiffs had previously agreed to produce pursuant to earlier meet and confer efforts with Defendants. Specifically, Plaintiffs produced the following documents:

- Excel spreadsheets containing raw data for testing on the 2012 BMW X5 ("Diesel A"), 2012 BMW X5 ("Diesel B"), 2011 BMW X5, 2011 335d ("Diesel A"), 2011 335d ("Diesel B"), and 2012 BMW X5 gasoline vehicle (the "Tested Vehicles") detailed in the First Amended Consolidated Class Action Complaint ("Complaint");

March 28, 2022
Page 2

- vehicle history reports for the six Tested Vehicles, including VINs for each Tested Vehicle; and

- the available maintenance and repair records for the six Tested Vehicles.

On March 22nd, the parties met and conferred regarding Plaintiffs' production of the pre-complaint testing materials. During the March 22nd discussions, Plaintiffs informed the BMW Defendants of Plaintiffs' intention to make a supplemental production of additional pre-complaint testing materials by Friday, March 25th.

On March 25th, Plaintiffs completed a supplemental production of pre-complaint testing materials. This supplemental production consisted of 817 additional responsive documents, including excel spreadsheets containing the raw testing data collected from certain Tested Vehicles during the testing detailed in the Complaint, raw data files collected from the test equipment deployed on each Tested Vehicle during the testing detailed in the Complaint, procedures and manuals related to the testing detailed in the Complaint, Tested Vehicle purchase records, and photographs of the Tested Vehicles. Plaintiffs had not previously agreed to produce purchase records and photographs of the Tested Vehicles, but did so in a good-faith effort to narrow the potential disputes for the meet and confer process.

## II. Privilege Log for Withheld Privileged Material

Defendants are also requesting, among other things, documents that are privileged and protected, such as all communications between counsel and the consulting expert concerning the pre-complaint testing. Defendants are not entitled to this information. The parties also agreed the parties did not have to log litigation files. *See* ESI Protocol ¶ V.3. Still, Plaintiffs have agreed to produce a detailed categorical log.[1] Plaintiffs continue to believe that a categorical log provides Defendants more than sufficient information to identify the categories of documents pertaining to pre-complaint testing to be withheld as beyond the scope of any waiver made by the discussion of the testing results in the Complaint and allow Defendants to assess whether they believe the waiver extends to such categories of documents.

The parties met and conferred on multiple occasions regarding Plaintiffs' anticipated privilege log, the latest being March 22nd. The BMW Defendants have made their preference for an itemized privilege log clear and have refused even to consider Plaintiffs' proposal regarding a categorical log that would be sufficient for Defendants to understand and evaluate Plaintiffs' privilege claims. During the meet and confer process, Plaintiffs have offered to provide categorical descriptions including (1) date range, (2) the authors, (3) recipients, (4) category description, (5) privilege justification, and (6) the number of documents withheld, to the extent such information

---

[1] *See* Transcript of January 12, 2022 Hearing at 34:24-35:1 (the Court directing Plaintiffs' counsel to "give [Defendants] the general idea of what [] documents [Plaintiffs are] withholding").

March 28, 2022
Page 3

exists. Plaintiffs have also made clear to the BMW Defendants that Plaintiffs are willing to expand or refine these categories as they may believe appropriate through further discussion and would be willing to revisit the issue following service of the log if necessary.

   Plaintiffs will produce to Defendants the categorical privilege log on or before April 4, 2022. With Plaintiffs' categorical privilege log in hand, Defendants will be able to meet and confer regarding the scope of waiver of Plaintiffs' work product or other protections concerning the pre-complaint testing data and information. If, after reviewing the documents produced to date and the privilege log, Defendants believe that further information is required to evaluate the claimed protections or privilege adequately, Plaintiffs are willing to meet and confer to resolve any such disagreements or, if necessary at that time, to ask for the Court's assistance.

   Accordingly, Plaintiffs request that the Court direct the parties to meet and confer if necessary following the production of the privilege log.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

*/s/ James E. Cecchi*

JAMES E. CECCHI

Enclosure

cc: Counsel of Record