UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA HU, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BMW OF NORTH AMERICA LLC, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-4363 (EP) (JBC) <br><br> Hon. Evelyn Padin, U.S.D.J. <br><br> Hon. James B. Clark, III, U.S.M.J. |

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER having come before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, in accordance with the Parties' Settlement Agreement;

WHEREAS, Defendants BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke Aktiengesellschaft ("BMW AG," collectively with BMW NA, the "BMW Defendants") and Plaintiffs Charles Rogers, Brian Beckner, Chad Maccanelli, Werner Rogmans, Garner Rickman, Darshan Patel, Alexander VanDamme, Irving Cohen, Angela Hughes, Charles Chapman, Miguel Fragoso, Tom Hoffman, Salomon Campos, Dean Werner, Alfredo Arias, Kyle Kern, Erica Olson, and Eric Stenglein (collectively, "Plaintiffs") reached a class settlement (the "Settlement");

1

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on February 28, 2024 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail, email and via the internet;

WHEREAS, the Court-appointed Settlement Administrator Epiq effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their Unopposed Motion for Final Approval of Class Settlement on August 20, 2024 (ECF No. 302);

WHEREAS, on September 24, 2024, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court and whether to grant Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement and hearing from the attorneys for the Parties, and for the reasons stated on the record on September 24, 2024,

IT IS ON THIS 24th day of September, 2024, ORDERED and, **ADJUDGED that the Court finds and orders as follows**:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties to this Action including all Settlement Class Members.

4. The Court confirms its previous preliminary findings in the Preliminary Approval Order.

5. For purposes of Settlement only, the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Class or Settlement Class as defined in the Settlement Agreement and also defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class, and the Settlement Class Representatives and Class Counsel have fairly and

adequately protected the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

6.     Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by sending such Notice by first-class mail and email. *See* Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Notice Program ("Azari Decl.") (ECF No. 302-2), ¶¶ 10-16. These individual notice efforts reached approximately 97.9% of the Settlement Class. *See id.* ¶ 17. The Settlement Administrator also utilized digital notice and social media and placed the Notice on the settlement website. *See id.* ¶¶ 18-24. No Settlement Class Members filed objections to the Settlement Agreement. The Court finds that notice (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, or their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable, requirements of Rule 23(e), due process and any other applicable law. The Court

further finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

7. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class members reside. *See* Azari Decl. ¶ 8. None of the Attorneys General filed objections to the Settlement. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases, including with the aid of respected class action mediator Judge Wayne Andersen (Ret.), and is non-collusive.

9. The Parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement Agreement or otherwise submitted to the Court.

10. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors including the

5

benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

11. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

12. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released BMW Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

13. The Court certifies the following Settlement Class for purposes of Settlement only:

> All Persons who purchased or leased a model year 2009–2013 BMW X5 xDrive35d or 2009–2011 BMW 335d vehicle (defined as the "Class Vehicles") on or before the Preliminary Approval date, February 28, 2024.

Excluded from the Settlement Class are: (i) the BMW Defendants and their officers, directors, and employees; and the BMW Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; (ii) Class Counsel; (iii) the judges who have presided over the Action; (iv) Persons who have settled with,

6

released, or otherwise had claims dismissed with prejudice or had claims adjudicated on the merits against the BMW Defendants arising from the same allegations or circumstances as the Action; and (v) all other Persons who timely elect to become opt-outs from the Settlement Class in accordance with the Court's Orders and as approved by the Court.

14. The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

15. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names of each Person who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was submitted as Attachment 7 to the Anzari Declaration submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement. ECF No. 302-2. All Persons named in the list submitted to the Court as having filed timely and proper requests for exclusions with the Settlement Administrator are excluded from the Settlement Class and will not be bound by the terms of the Settlement. Each Person

that otherwise falls within the definition of the Settlement Class shall be bound by the terms of the Settlement.

16. The Court hereby appoints the following persons as Settlement Class Representatives: Charles Rogers, Brian Beckner, Chad Maccanelli, Werner Rogmans, Garner Rickman, Darshan Patel, Alexander VanDamme, Irving Cohen, Angela Hughes, Charles Chapman, Miguel Fragoso, Tom Hoffman, Salomon Campos, Dean Werner, Alfredo Arias, Kyle Kern, Erica Olson, and Eric Stenglein.

17. The Court hereby appoints Carella Byrne Cecchi Brody & Agnello, P.C., Seeger Weiss LLP, and Hagens Berman Sobol Shapiro LLP as co-lead Class Counsel.

18. The Court hereby affirms the appointment of Epiq as Settlement Administrator.

19. The Court hereby affirms its approval of the Claim Form.

20. The Court hereby grants Class Counsel's application for an award of Attorneys' Fees and Reimbursement of Expenses and Named Plaintiff Service Awards as presented to the Court in ECF No. 300. Class Counsel is granted (i) an award of attorneys' fees in the amount of $1,999,800.00 and payment of $1,000,000 for expenses reasonably and necessarily incurred by Class Counsel in prosecuting and resolving the Action.

21. The Court further approves and awards payment of $5,000 service awards to each Settlement Class Representative.

22. The Action is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Action.

23. The Court adjudges that in consideration of the Settlement as set forth in the Settlement Agreement, the Releasing Parties have fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice any and all Released Claims against all of the Released BMW Parties. The Releasing Parties have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.

24. The Settlement Agreement and this Final Order and Judgment shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Parties. As of the Effective Date, enforcement of the Settlement Agreement shall be the exclusive remedy for Plaintiffs and all Settlement

Class Members who have not been excluded from the Settlement Class, all of whom are bound by all proceedings, orders and judgments in the Action and are permanently barred and enjoined from instituting, asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims against the Released BMW Parties. Members of the Settlement Class who have not been excluded from the Settlement Class and who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims. Plaintiffs and all other members of the Settlement Class as well as their respective agents, heirs, executors or administrators, successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released BMW Parties in any forum, with the exception of any Persons who have duly and timely excluded themselves from the Settlement Class.

25. This Final Order and Judgment bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Action or the Released Claims arising on or before the Preliminary Approval Date and (b) organizing Settlement Class Members, regardless of whether or not they have been excluded from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, except that Settlement Class Members are not precluded from assisting a state or federal agency in any investigation or suit initiated by any such agency.

26. If for any reason this judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Costs or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

27. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered

or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the Released BMW Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Order and Judgment.

28. The Court dismisses the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Action by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

29. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court

retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

30. The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the Fairness Hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

31. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

32. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to file this Final Order and Judgment as a final order and judgment.

**IT IS SO ORDERED.**

DATED: September 24, 2024

Hon. James B. Clark, III, U.S.M.J.

[This order terminates Dkt. Nos. 300 & 302]